# IN THE UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **Commodore Investments, LLC**, | ) |
| | ) Case No. 3:10-cv-0825 |
| Plaintiff | ) |
| | ) Judge Nixon |
| v. | ) Magistrate Judge Bryant |
| | ) |
| **Barry Lehman and Robin Schwartz**, | ) |
| | ) |
| Defendants | ) |

## DENIAL OF DEFAULT JUDGMENT

Pending is Plaintiff's Motion for Default Judgment against Defendants (Docket Entry No. 13) pursuant to Federal Rule of Civil Procedure 55(b)(1). The Clerk previously entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) (Docket Entry No. 9).

Plaintiff's Motion is denied. Plaintiff has not provided the Court with a copy of the note upon which this diversity action is based and the Clerk will not grant a motion for default judgment without having reviewed the note. In addition, Plaintiff seeks a post-judgment interest rate in excess of the rate mandated by 28 U.S.C. §1961. In order to be awarded post-judgment interest at the rate Plaintiff requests, Plaintiff must establish that the agreement between the parties contemplated a post-judgment interest rate other than the statutory rate. Referencing an interest rate specified for the principal amount of a note is not enough. Plaintiff must present evidence of agreement on a post-judgment interest rate other than the statutory rate in order to receive that rate. Plaintiff may renew its motion for default judgment once the note has been provided.

1

In addition, the Clerk will not grant attorney fees or costs, or taxable costs, as a part of a default judgment. Attorney fees and costs should be sought from the court pursuant to Federal Rule of Civil Procedure 54(d)(2). Taxable costs of the case should be sought pursuant to Local Rule 54.01(a).

s/ Keith Throckmorton
Keith Throckmorton
Clerk of Court